IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EVERETT MANNING,

                    Petitioner,

          v.                          CASE NO.  12-3254-SAC

DEPUTY WARDEN
KYLE DEERE,

                    Respondent.

MEMORANDUM AND ORDER

     This pro se petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by an inmate of the Lansing Correctional Facility. Petitioner has also filed a Motion for Leave to Proceed in forma pauperis (Doc. 3).  The court has reviewed the motion and the supporting financial information, and finds that the motion should be granted.

     The Petition and Memorandum in Support indicate the following. In 2006, Mr. Manning was convicted by a jury in Wyandotte County District Court of aggravated battery and battery and sentenced to 154 months in prison.  He appealed to the Kansas Court of Appeals (KCA), which affirmed.  *State v. Manning*, No. 98,051, 2008 WL 4291504 (Kan.App. 2008)(unpublished), *rev. denied* 288 Kan. 834 (Kan. 2009). His Petition for Review was denied by the Kansas Supreme Court on February 13, 2009.

     On February 4, 2010, Mr. Manning filed a post-conviction motion

pursuant to K.S.A. § 60-1507.  The district court summarily dismissed this motion.  Manning appealed to the KCA, which affirmed on August 10, 2012.  *Manning v. State*, 281 P.3d 1146, *1-*2 (Kan.App. 2012).  The instant federal petition was executed on December 12, 2012.

Mr. Manning presents three grounds in his federal petition: (1) ineffective assistance of appellate counsel on direct appeal, (2) ineffective assistance of trial counsel, and (3) that the trial court erred in failing to instruct the jury on the lesser included offense of battery.  He states, and it appears from the KCA opinion on direct appeal, that he did not raise grounds (1) and (2) on direct appeal but raised them in his 60-1507 petition.  He raised ground (3) on direct appeal and in his 60-1507 petition.

## ALL CLAIMS MUST BE STATED IN PETITION

Petitioner has filed a Memorandum in support of his federal petition in which he lists two rather than three issues.  One of these two issues, the challenge to his criminal history score, is not included as a ground in his federal petition.  It is thus unclear whether Mr. Manning is seeking review of the three grounds set forth in the petition, or four grounds including the challenge to his criminal history score.  All grounds for relief must be set forth in the petition.

**TWO CLAIMS NOT FULLY EXHAUSTED**

Mr. Manning claims that he has exhausted state court remedies on the three grounds presented in his federal petition. However, it appears from the face of the petition that he did not fully exhaust state remedies on his two claims of ineffective assistance of counsel.[1]  The KCA opinion on direct appeal confirms that he presented his claim regarding the trial court's failure to instruct and his claim that the court erred in determining his criminal history score to the KCA on direct appeal.  The claims presented on direct appeal were ultimately presented to the Kansas Supreme Court in Mr. Manning's Petition for Review.  Thus, it appears that petitioner fully exhausted state court remedies only on ground (3) in his petition regarding jury instructions and his possible fourth claim

---

[1]    28 U.S.C. § 2254(b)(1) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State. . . .

Alternatively, the applicant must show that State corrective process is either unavailable or ineffective.  28 U.S.C. § 2254(b)(1)(B).  "A state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Generally, the exhaustion prerequisite is not satisfied unless all claims asserted have been presented by "invoking one complete round of the State's established appellate review process."  *Id.* at 845.  In this district, this means that petitioner's claims must have been "properly presented" as federal constitutional issues "to the highest state court, either by direct review of the conviction or in a post-conviction attack."  *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  It follows that any claims not raised on direct appeal, must be presented to the highest state court by way of state post-conviction proceedings.  In other words, claims not presented on direct appeal must be presented in a post-conviction motion to the state district court, and if relief is denied by the district court, they must be appealed to the KCA.  Then, if the KCA denies relief, the claims must be raised in a Petition for Review to the Kansas Supreme Court, which is the highest state court.

in his Memorandum that the sentencing court erred in determining his criminal history score.

Petitioner's two ineffective assistance of counsel claims were not presented on direct appeal.  Instead, they were raised for the first time in petitioner's 60-1507 motion.  The Kansas Appellate Courts docket available on-line for Mr. Manning's 60-1507 proceedings (Appellate Case No. 105699) shows that on August 10, 2012, the KCA issued its opinion denying relief on his claims of ineffective assistance of trial and appellate counsel.  The docket does not show that Mr. Manning filed a Petition for Review of the KCA's decision by the Kansas Supreme Court.  It thus appears from the face of the petition that Mr. Manning has not presented grounds (1) and (2) to the highest state court.[2]

Because two of petitioner's claims were not fully exhausted, this petition is subject to being dismissed as "mixed."  Petitioner has the option of proceeding herein only upon his exhausted claims.  However, a state prisoner is given only one chance to present all challenges to his state conviction or sentence in federal court.  It follows that if Mr. Manning decides to proceed herein only upon his exhausted claims, then somehow subsequently exhausts his two unexhausted claims in state court, any attempt to thereafter file a second federal habeas corpus petition raising his

---

[2]    As a result, the instant petition may be described as "mixed," that is it contains both exhausted and unexhausted claims.  The federal district court is required to dismiss a mixed federal habeas petition.

previously-unexhausted claims will likely be barred as second and successive.

## UNEXHAUSTED CLAIMS ARE PROCEDURALLY DEFAULTED

Since the time limit for filing a Petition for Review in the 60-1507 proceedings expired months ago,[3] it is also likely that federal habeas review of petitioner's two unexhausted claims is barred by procedural default.  Under the procedural bar doctrine, the federal court cannot address claims defaulted in state court on independent and adequate state procedural grounds "unless [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violations of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."[4]  *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002)(quoting *Coleman*, 501 U.S. at 750); *Hume v. McKune*, 176 F.Supp.2d 1134, 1140 (D.Kan. 2001).  Petitioner alleges no facts that would allow consideration of claims that were procedurally defaulted.

---

[3]   Mr. Manning does not allege and the docket does not show that he filed a request in the state appellate courts to file a late appeal to the KSC.

[4]   The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent.  *Schlup v. Delo*, 513 U.S. 298, 326-27 (1995).  "'[A]ctual innocence' means factual innocence, not mere legal insufficiency."  *Bousley v. United States*, 523 U.S. 614, 624 (1998).  "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial."  *Schlup*, 513 U.S. at 324.

**ALL CLAIMS COULD BE TIME-BARRED**

It further appears from the face of the petition that petitioner's claims are in danger of being considered time-barred in federal court if this action is dismissed for failure to exhaust or other procedural grounds.  The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1), as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

The "limitation period shall run from" the "latest of" four dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  The statute provides, however, for tolling of the statute of limitations during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim . . . ."  28 U.S.C. § 2244(d)(2).

Applying the statutory provisions to the facts of this case, it appears petitioner's convictions "became final" on May 11, 2009.[5]

---

[5]     On February 11, 2009, the Kansas Supreme Court denied review on petitioner's direct appeal.  Mr. Manning then had 90 days to file a petition for writ of certiorari in the United States Supreme Court.  Because he did not seek review in the U.S. Supreme Court, his conviction became final 90 days after February 11, 2009, which was on May 11, 2009.  *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001).

The statute of limitations began to run on that date, and ran for approximately 8 months and 23 days before Mr. Manning filed his 60-1507 motion.   On the date the 60-1507 motion was filed, the limitations period was statutorily tolled and did not run during the pendency of the 60-1507 proceedings and thirty-day appeal time,[6] which was from February 4, 2010, through September 10, 2012.   It began running again on September 11, 2012, with 3 months and 23 days remaining in the limitations period.   It ran for 3 months and 1 day before Mr. Manning filed the instant petition.

The pendency of a federal habeas petition, unlike a state habeas petition, does not toll the running of the statute of limitations. Consequently, if this federal petition is dismissed as mixed, the statute of limitations will have expired 22 days after its file date. This is another reason petitioner should seriously consider proceeding in this action upon his fully exhausted claims only.

**AMENDED PETITION REQUIRED**

Mr. Manning is required to file an "Amended Petition" in which he sets forth every federal habeas claim that he intends to present in this court.   He must submit his Amended Petition upon forms

_____

[6]     "[R]egardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." *Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000).   K.S.A. § 20-3018(b) pertinently provides:   Any party aggrieved by a decision of the court of appeals may petition the supreme court for review within thirty (30) days after the date of such decision.

provided by the court and he must write "Amended Petition" and the number of this case, 12-3254-SAC, at the top of the first page.  Any claim that is not set forth in the Amended Petition shall not be considered.  The Amended Petition will be dismissed as mixed if it includes unexhausted claims of ineffective assistance of counsel, unless petitioner shows that they were properly presented to the Kansas Supreme Court.  If they are unexhausted, then he must demonstrate that any procedural default of these two claims in state court should be excused.  Petitioner is forewarned that if he fails to comply with these orders within the time allotted, this action may be dismissed without further notice.

     **IT IS THEREFORE BY THE COURT ORDERED** that petitioner's Motion to Proceed in forma pauperis (Doc. 3) is granted.

     **IT IS FURTHER ORDERED** that petitioner is granted thirty (30) days in which to file an Amended Petition in which he clearly sets forth all claims he intends to present in this action and shows that each claim has either been fully exhausted or, if unexhausted, should not be barred by procedural default.

     The clerk is directed to send petitioner forms for filing a § 2254 petition.

     **IT IS SO ORDERED**.

     Dated this 23rd day of January, 2013, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge