IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**EVERETT MANNING,**

              Petitioner,

        v.                            CASE NO. 12-3254-SAC

**DEPUTY WARDEN
KYLE DEERE,**

              Respondent.

**MEMORANDUM AND ORDER**

This matter is before the court to determine petitioner's compliance with prior orders of the court and upon petitioner's pending motions. Having considered all materials filed, the court finds that the petition remains mixed and that petitioner has failed to comply with orders of the court. Petitioner is given twenty (20) days to submit an Amended Petition containing exhausted claims only or this action will be dismissed.

**BACKGROUND AND CLAIMS**

Mr. Manning was convicted by a jury in Wyandotte County District Court of aggravated battery of one victim and battery of another and sentenced to 154 months in prison. He appealed to the Kansas Court of Appeals (KCA), which affirmed. *State v. Manning*, No. 98,051, 2008 WL 4291504 (Kan.App. 2008)(unpublished), *rev. denied* 288 Kan. 834 (Kan. 2009). His Petition for Review was denied by the Kansas

1

Supreme Court (KSC) on February 13, 2009.

On February 4, 2010, Mr. Manning filed a post-conviction motion pursuant to K.S.A. § 60-1507, which the district court summarily dismissed. Manning appealed to the KCA, which affirmed on August 10, 2012. *Manning v. State*, 281 P.3d 1146, *1-*2 (Kan.App. 2012). The instant federal petition was executed on December 12, 2012.

Mr. Manning presented four[1] grounds in his federal petition: (1) ineffective assistance of appellate counsel on direct appeal, (2) ineffective assistance of trial counsel, (3) that the trial court erred in failing to instruct the jury on the lesser included offense of battery, and (4) improper use of defendant's juvenile adjudications.[2] He did not raise grounds (1) and (2) on direct appeal but raised them in his 60-1507 petition. He raised grounds (3) and (4) on direct appeal and in his 60-1507 petition. Mr. Manning claimed that he had exhausted state court remedies on all four grounds raised in his federal petition.

After reviewing the petition, the court entered a Memorandum and Order in which it agreed that grounds (3) and (4) had been exhausted. However, the court found that his two claims of

---

1  In its prior Memorandum and Order the court mistakenly found that petitioner had presented only 3 grounds in his petition but he presented all 4 grounds.

2  With respect to this claim, Mr. Manning does not allege sufficient facts in support. In his petition, he generally claims improper use of his juvenile convictions, but alleges that his mother forced him to enter pleas in the juvenile proceedings. However, in his memorandum in support he cites cases regarding improper person/nonperson classification of prior convictions and claims his criminal history score was erroneously marked. In his Amended Petition, Mr. Manning must make clear the factual basis for this claim and show that the facts he relies upon have been fairly presented to the state courts.

2

ineffective assistance of counsel had not been fully exhausted.[3] This finding was based on the fact that Mr. Manning had not filed a timely Petition for Review by the Kansas Supreme Court in his 60-1507 proceedings and thus had not presented these two grounds to the highest state court. Because the initial petition included unexhausted claims, the court held it was subject to being dismissed as "mixed."

In addition, the court found that if this case is dismissed in its entirety, the applicable statute of limitations expired 22 days after its file date. Thus, Mr. Manning was warned that if in the future he manages to exhaust his two currently-unexhausted claims in state court, any attempt to thereafter file a second federal habeas corpus petition raising those claims will likely face the obstacles

---

3   28 U.S.C. § 2254(b)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State. . . .

Alternatively, the applicant must show that State corrective process is either unavailable or ineffective. 28 U.S.C. § 2254(b)(1)(B). "A state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Generally, the exhaustion prerequisite is not satisfied unless all claims asserted have been presented by "invoking one complete round of the State's established appellate review process." *Id*. at 845. In this district, this means that petitioner's claims must have been "properly presented" as federal constitutional issues "to the highest state court, either by direct review of the conviction or in a post-conviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). It follows that any claims not raised on direct appeal, must be presented to the highest state court by way of state post-conviction proceedings. In other words, claims not presented on direct appeal must be presented in a post-conviction motion to the state district court, and if relief is denied by the district court, they must be appealed to the KCA. Then, if the KCA denies relief, the claims must be raised in a Petition for Review to the Kansas Supreme Court, the highest state court.

of being time-barred and "second and successive." The court also mentioned the likelihood that federal habeas review of petitioner's two unexhausted claims is barred by procedural default.

As noted, Mr. Manning was ordered in the court's prior Memorandum and Order to file an "Amended Petition" upon forms that were transmitted to him. He was also notified that the Amended Petition would be dismissed as mixed if it included unexhausted claims unless he showed that those claims had been properly presented to the Kansas Supreme Court. In addition, he was forewarned that if he failed to comply with these orders within the time allotted, this action could be dismissed without further notice.

Eight days after the court's Memorandum and Order was entered, Mr. Manning filed a "Motion for Stay of Action" (Doc. 5). Therein, he requested that this case be stayed "pending the final judgment" of the KSC in *State vs. Manning (Appeal No.* 105,699). He alleged in support that a stay would allow him to exhaust his state remedies, that he had been misadvised about taking his ineffective assistance of counsel claims to the KSC, and that his federal habeas claims would be time-barred if this action were dismissed. Before this court ruled on the motion to stay, petitioner filed a "Motion to Reinstate" these proceedings (Doc. 6), in which he alleges that he received a reply from the KSC and "is ready to restart the proceedings." He also filed a "Motion Showing Cause Why Petition Should not be (Dismissed) for Failure to Exhaust," which was docketed as his

4

Response (Doc. 7).

**<u>FAILURE TO COMPLY WITH COURT ORDER</u>**

Petitioner has not complied with the court's order to file an Amended Petition. Instead, he has filed motions in which he alleges facts and makes arguments from which he apparently expects the court to find that his original petition should not be treated as mixed. The court rejects petitioner's arguments.

Mr. Manning argues that state court remedies are no longer available to exhaust his two ineffective assistance of counsel claims. In support, he alleges that since the court's Memorandum and Order, he attempted to exhaust these two claims but found that remedies were unavailable. He exhibits a letter dated April 8, 2013, from "The Appellate Courts of Kansas" noting that the Clerk's Office received his "petition for review concerning Appeal No. 105,699" on April 5, 2013. He was informed in the letter that his petition for review could not be filed because "[j]urisdiction over this matter was returned to the district court on September 13, 2012." Based on these facts, he argues that "jurisdiction can be retained by Federal Courts" because "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant" citing 28 U.S.C. 2254(b)(1)(B)(i)-(ii). Rather than showing that petitioner's state remedies are absent or ineffective, these allegations and exhibits

5

confirm that petitioner did not present his claims of ineffective assistance of trial and appellate counsel to the Kansas Supreme Court in a timely and proper manner. Petitioner alleges no facts to suggest that state remedies would not have been available had he pursued them in a timely manner. The exhaustion prerequisite is not excused because petitioner's failure to timely pursue state remedies resulted in their unavailability. If that were the law, the exhaustion requirement would be rendered useless. The Petition for Review filed by Mr. Manning was rejected because the KSC no longer had jurisdiction over his appeal. This effort did not amount to exhaustion of state remedies and does not show that state remedies were ineffective.

Petitioner also claims that his failure to exhaust two of his claims should be excused because it was due to incorrect advice from his appellate counsel in his state post-conviction proceedings. In support he claims that after the KCA denied relief in those proceedings, counsel representing him on that appeal misinformed him that his case did "not fit into any" of the categories of cases accepted for review by the KSC. As proof, petitioner exhibits a letter from his attorney, which contains the following advice:

> [T]he (KCA) stated the jury instructions were correct, juvenile adjudications are properly counted for criminal history, and the argument regarding bloodstains on the porch is too speculative. All of the Court's conclusions are based on fairly clear case law.

The Kansas Supreme Court accepts a limited number of cases

> for review within 30 days of the Court of Appeals decision.
> . . . The Court considers: (1) the general importance of
> the question presented; (2) the existence of a conflict
> between the decision sought to be reviewed and a prior
> decision of either the Supreme Court or the Court of
> Appeals; (3) the need for exercising the supervisory
> authority of the Supreme Court; and (4) the final or
> interlocutory character of the judgment, order, or ruling
> sought to be reviewed. (K.S.A. 20-3018[b]). Your case,
> unfortunately, does not fit into any of those categories.
> As such, I do not believe there are any issues that could
> be properly brought to the Kansas Supreme Court, and I do
> not plan on filing a petition for certiorari with the
> Kansas Supreme Court.

Mr. Manning alleges no facts or authority showing that this advice was incorrect in any fashion. Moreover, he makes no effort to explain why he did not proceed to file a Petition for Review without assistance from this counsel. Exhaustion is not excused based on these allegations and exhibits.

**PENDING MOTIONS**

The court has considered petitioner's Motion for Stay of Action (Doc. 5) and finds that it should be denied. Petitioner has not set forth facts in this motion to demonstrate all the factors that might entitle him to a stay of these proceedings. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005)(A stay and abeyance of habeas proceedings should be "available only in limited circumstances" lest it undermine the legislative goals in AEDPA; and it is recommended where "petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no

7

indication that the petitioner engaged in intentionally dilatory litigation tactics."). Even if petitioner had alleged grounds for a stay, this motion is moot because he has subsequently requested that the stay be lifted (Doc. 6).

The court has considered petitioner's "Motion to Reinstate" Proceedings (Doc. 6) together with his Response (Doc. 7)(entitled "Motion Showing Cause Why Petition Should not be Dismissed for Failure to Exhaust") and finds it should be denied because petitioner is not entitled to the actions he requests. In this motion, petitioner implies that he should be allowed to proceed on his original petition because he believes he has exhausted his state remedies or that his counsel provided bad advice. For reasons already discussed, the court rejects these arguments. Petitioner also asks to court to lift the stay, but no stay was ordered.

**CONCLUSION**

The court finds that petitioner has not shown that he exhausted state court remedies on his two ineffective assistance of counsel claims[4] or that state court remedies are unavailable. It follows

---

4   The court acknowledges that it might find that petitioner had "technically exhausted" these two claims if it could find that they had been procedurally defaulted in state court. However, petitioner has not alleged and his exhibit does not indicate that he filed a proper motion to file an appeal out of time. Thus, the court is not presented with a solid basis for finding that state remedies are no longer unavailable. Moreover, if petitioner has procedurally defaulted these claims, he has not alleged facts to establish cause and prejudice or a complete miscarriage of justice. Consequently, these two claims would be procedurally defaulted for purposes of federal habeas corpus as well and would not be reviewed by this court.

8

that he has not established that his petition is not mixed. Nor has he provided any valid reason for failing to comply with the court's order to file an Amended Petition containing only exhausted claims. The court cannot rule upon and is required to dismiss a mixed petition. Mr. Manning is given one last opportunity to file an Amended Petition containing only exhausted claims. If he fails to do comply with this order within the time prescribed herein, this action will be dismissed for failure to exhaust.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner's Motion for Stay of Action (Doc. 5) is dismissed as moot, and petitioner's "Motion to Reinstate" Proceedings (Doc. 6) and "Motion Showing Cause Why Petition Should not be Dismissed for Failure to Exhaust" (Doc. 7) are denied because he is not entitled to the actions requested.

**IT IS FURTHER ORDERED** that this petition for a writ of habeas corpus will be dismissed due to petitioner's failure to exhaust state court remedies as to all claims, unless within thirty (30) days of this order petitioner files a complete Second Amended Petition[5] upon court-provided forms presenting only exhausted claims.

The clerk is directed to send petitioner forms for filing a § 2254 petition.

**IT IS SO ORDERED.**

---

5    Petitioner is reminded that he must write "Amended" and this case number, 12-3254, at the top of the first page, and that he must fill out the forms completely. He may not simply refer to his initial petition, as the Amended Petition completely supersedes prior petitions.

**Dated this 17th day of September, 2013, at Topeka, Kansas.**

**s/Sam A. Crow**
**U. S. Senior District Judge**