IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EVERETT MANNING,

       Petitioner,

      v.                                       No. 12-3254-SAC

REX PRYOR[1],

       Respondent.

MEMORANDUM AND ORDER

This case comes before the Court on a petition for habeas corpus filed pursuant to 28 USC § 2254.

**I. Procedural History**

A jury found Petitioner guilty in state court of one count of aggravated battery against one victim and one count of battery against another victim. The court sentenced Petitioner to a term of 154 months imprisonment. The Kansas Court of Appeals affirmed Petitioner's convictions and sentence in *State v. Manning*, Case No. 98,051, 2008 WL 4291504 (Kan.Ct.App., Sep. 19, 2008) (Unpublished Opinion), and the Kansas Supreme Court denied review.

---

[1] Respondent's request to substitute Rex Pryor, Warden of the Lansing Correctional Facility, for Deputy Warden Kyle Deere as a party defendant is granted. *See* 28 U.S.C. §§ 2242, 2243; *Rumsfeld v. Padilla*, 542 U.S. 426, 447, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004) (construing the statutes to require that federal habeas proceedings be brought against the warden of the facility in which the petitioner is held).

Petitioner filed for post-conviction relief in the District Court of Wyandotte County, Kansas, pursuant to K.S.A. 60-1507, but the district court denied that motion. Petitioner appealed, but the Kansas Court of Appeals (KCOA) affirmed the denial of Petitioner's K.S.A. 60-1507 motion. *Manning v. State*, No. 105,699, 2012 WL 3289951 (Kan.Ct.App. Aug. 10, 2012) (Unpublished Opinion). Petitioner then timely filed this petition for habeas corpus relief.

This Court previously reviewed Petitioner's claims and ordered him to file an amended petition presenting only exhausted claims. Dk. 8. Petitioner responded by filing a Second Amended Petition for Writ of Habeas Corpus alleging that he was denied due process by omitting a lesser included offense instruction at trial, and by using his prior juvenile adjudications to enhance his sentence. Dk. 9.

This Court adopts the underlying facts stated in these prior opinions and shall not repeat them except as necessary to the analysis of this petition. *See* 28 U.S.C. § 2254(e)(1) (a court presumes that the factual findings of the state court are correct unless the petitioner rebuts that presumption by "clear and convincing evidence."); *Saiz v. Ortiz*, 392 F.3d 1166, 1175 (10th Cir. 2004).

## II. AEDPA Standard

The habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA "erects a formidable barrier to

2

federal habeas relief," *Burt v. Titlow*, \_\_ U.S. \_\_ , 134 S.Ct. 10, 16, 187 L.Ed.2d 348 (2013), and "requires federal courts to give significant deference to state court decisions" on the merits. *Lockett v. Trammel*, 711 F.3d 1218, 1230 (10th Cir. 2013); *see also Hooks v. Workman*, 689 F.3d 1148, 1162–63 (10th Cir. 2012) ("This highly deferential standard for evaluating state-court rulings demands state-court decisions be given the benefit of the doubt." (quotations omitted)).

Under AEDPA, where a state prisoner presents a claim in habeas corpus and the merits were addressed in the state courts, a federal court may grant relief only if it determines that the state court proceedings resulted in a decision (1) "that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). *See also Harrington v. Richter*, \_\_ U.S. \_\_, 131 S.Ct. 770, 783–84, 178 L.Ed.2d 624 (2011).

"Clearly established law is determined by the United States Supreme Court, and refers to the Court's holdings, as opposed to the dicta." *Lockett*, 711 F.3d at 1231 (quotations omitted). A state court decision is "contrary to" the Supreme Court's clearly established precedent "if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done

3

on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002) (quotations omitted).

A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct legal rule from Supreme Court case law, but unreasonably applies that rule to the facts. *Williams v. Taylor*, 529 U.S. 362, 407–08, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)). Likewise, a state court unreasonably applies federal law when it either unreasonably extends, or refuses to extend, a legal principle from Supreme Court precedent where it should apply. *House v. Hatch*, 527 F.3d 1010, 1018 (10th Cir.2008).

In reviewing state criminal convictions in federal habeas corpus proceedings, a federal court does not sit as a super-state appellate court. *See Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007). In making this assessment, the Court reviews the factual findings of the state court for

4

clear error, reviewing only the record that was before the appellate court. *Cullen v. Pinholster*, –––U.S. ––––, ––––, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011).

A writ of habeas corpus may issue only when the petitioner shows "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." *Id*. at 786 (emphasis added). "Thus, "even a strong case for relief does not mean that the state court's contrary conclusion was unreasonable." *Id*. " 'If this standard is difficult to meet'—and it is—'that is because it was meant to be.' " *Titlow*, 134 S.Ct. at 16 (quoting *Richter,* 131 S.Ct. at 786). See *Frost v. Pryor*, __ F.3d __, 2014 WL 1647013 (10th Cir. April 25, 2014).

### III. Failure to Instruct on Lesser Included Offense

Petitioner contends that the trial court's failure to instruct on aggravated battery's lesser included offense of misdemeanor battery denied him a fair trial.

**A. State Court Proceedings**

On direct appeal, the KCOA rejected this claim on the merits, finding that a reasonable jury could not have convicted Manning of misdemeanor battery because the harm inflicted on the victim was not slight, trivial, minor, or moderate:

> The uncontroverted evidence of bodily harm included the following: the victim's nose was fractured in several different places and required surgery to repair; lacerations on her eyebrow and nose

5

> required stitches; her injuries have caused breathing difficulties; and she wakes up in the middle of the night struggling to breathe.
>
> "Great bodily harm" under K.S.A. 21–3414 requires harm that is not slight, trivial, minor, or even moderate harm. *State v. Dubish*, 234 Kan. 708, 675 P.2d 877 (1984). In this present appeal, the harm inflicted on the victim was most certainly not slight, trivial, minor, or moderate. She required surgery and has had lasting difficulties as a result of the battery. Under the evidence, a jury could not have reasonably convicted the defendant of misdemeanor battery. Consequently, the district court did not err in refusing to give a lesser included instruction to the jury. *See State v. Boone*, 277 Kan. 208, 83 P.3d 195 (2004). Manning's argument that *State v. Brice*, 276 Kan. 758, 80 P.3d 1113 (2003), requires such an instruction is not correct. In *Brice*, the district court erred by telling the jury a through and through bullet wound was great bodily harm. Removing a factual issue of the crime is a far different issue than deciding whether a lesser included offense instruction is necessary. *See* 276 Kan. at 773–74. Here, it was entirely reasonable for the jury to be left with two alternatives: guilty or not guilty of aggravated battery.

*Manning*, 192 P.3d at 184, 2008 WL 4291504 at 1.

**B. Habeas Review**

This court cannot review the merits of this state law issue. The Supreme Court has never recognized a federal constitutional right to a lesser included offense instruction in non-capital cases. *See Beck v. Alabama*, 447 U.S. 625, 638 n. 14, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980). And Tenth Circuit precedent establishes a rule of 'automatic non-reviewability' for claims based on a state court's failure, in a non-capital case, to give a lesser included offense instruction. *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004). This was a non-capital case, thus Petitioner is not entitled to habeas relief on this ground. *See Johnson v. Keith*, 726 F.3d 1134, 1135 n. 2 (10th Cir. 2013).

### IV. Using Juvenile Adjudications in Sentencing

Petitioner next contends that using his prior juvenile adjudications to enhance his sentence violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004).

#### A. State Court Proceedings

The KCOA on direct appeal summarily dismissed this claim of error, stating:

> Finally, the Kansas Supreme Court has rejected Manning's sentencing arguments. See *State v. Ivory,* 273 Kan. 44, 41 P.3d 781 (2002); *State v. Hitt,* 273 Kan. 224, 42 P.3d 732 (2002). We have no reason to believe the Kansas Supreme Court would rule differently today, and we are duty bound to follow its decisions.
> ...
> We need not further analyze Manning's sentencing issues because *Ivory* and *Hitt* control.

*Manning*, 192 P.3d at 184, 2008 WL 4291504 at 1, 2.

#### B. Habeas Review

*Apprendi* held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. *Apprendi* and *Blakely* both approved the judge's use of prior convictions as a sentence-enhancing factor. *Apprendi*, 530 U.S. at 490; *see Blakely*, 124 S.Ct. at 2536.

The sole legal issue presented is whether juvenile adjudications should be equated with convictions, for sentencing purposes. That issue has not been decided by the Supreme Court, but the Kansas Supreme Court has

7

ruled that juvenile adjudications count as prior convictions for purposes of *Apprendi*, so do not need to be submitted to a jury. *See State v. Hitt*, 273 Kan. 224, 236 (2002), *cert. denied,* 537 U.S. 1104, 123 S.Ct. 962, 154 L.Ed.2d 772 (2003); *State v. Fischer,* 288 Kan. 470, 475, 203 P.3d 1269 (2009) (reaffirming *Hitt* for all juvenile adjudications that were final as of the decision in *In re L. M.,* 286 Kan. 460, 469–70 (2008), which gave juveniles a constitutional right to a jury trial); *State v. Ivory*, 273 Kan. 44 (2002) (holding *Apprendi* does not apply to presumptive sentence that was based in part on defendant's criminal history score). See also *State v. Hollis,* 2011 WL 2637441, 6 (Kan.App. 2011).

The Tenth Circuit has not yet decided this question. *Gardner v. McKune*, 242 Fed.Appx. 594, 598 (10th Cir. 2007) (unpublished), *cert. denied*, 553 U.S. 1023, 128 S.Ct. 2093, 170 L.Ed.2d 826 (2008). It has, however, ruled in unpublished decisions that given the narrow standard of review in habeas cases, enhancement of a petitioner's sentence based on prior juvenile convictions is neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent. *See Harris v. Roberts*, 485 Fed.Appx. 927 (10th Cir. 2012); *Gardner v. McKune*, 242 Fed.Appx. 594 (10th Cir. 2007).

Other federal circuit courts disagree whether juvenile proceedings count as "prior convictions" for purposes of *Apprendi's* application. The Ninth Circuit stands alone in having held that the state court's use of prior juvenile

8

adjudications to enhance a sentence violates *Apprendi*. *United States v. Tighe,* 266 F.3d 1187, 1194 (9th Cir. 2001). The Eighth Circuit has held that juvenile adjudications can properly be characterized as "prior convictions" for the *Apprendi* exemption, because "juvenile adjudications, like adult convictions, are so reliable that due process of law is not offended by such an exemption." *United States v. Smalley,* 294 F.3d 1030, 1032–33 (8th Cir.2002), *cert. denied,* 537 U.S. 1114 (2003). The Third Circuit agreed, holding that a "prior nonjury juvenile adjudication that was afforded all constitutionally-required procedural safeguards can properly be characterized as a prior conviction for *Apprendi* purposes." *United States v. Jones,* 332 F.3d 688, 696 (3d Cir. 2003), *cert. denied,* 540 U.S. 1150 (2004). The Eleventh Circuit has followed the Eighth and Third Circuit decisions. *United States v. Burge,* 407 F.3d 1183, 1190 (11th Cir.), *cert. denied,* 546 U.S.981, 126 S.Ct. 551 (2005). After these contrary circuit decisions, even the Ninth Circuit concluded that a state court's use of prior juvenile adjudications as a sentencing enhancement could not be held contrary to, or an unreasonable application of, current United States Supreme Court precedent. *Boyd v. Newland,* 467 F.3d 1139, 1151-52 (9th Cir. 2006).

Courts in this district have held in unpublished decisions that given the narrow standard of review in habeas cases, enhancement of petitioner's sentence based on prior juvenile conviction is neither contrary to, nor an

unreasonable application of, clearly established Supreme Court precedent. *See Glynn v. Heimgartner*, 2013 WL 2449545 (D.Kan. June 5, 2013); *Davis v. Roberts*, 2012 WL 1059863 (D.Kan. Mar. 28, 2012); *Yates v. McKune*, 2007 WL 2155652, *7 (D.Kan. July 26, 2007) ("Without express guidance from Supreme Court precedent, this court does not find that the trial court's decision to use prior juvenile adjudications as a sentence enhancement was either 'contrary to' or an 'unreasonable application of federal law.' "); *Jones v. Roberts*, 2006 WL 2989237, *5 (D.Kan. Oct. 19, 2006) (same).

Given the status of the law, this court finds that the trial court's decision to use prior juvenile adjudications as a sentence enhancement was neither contrary to nor an unreasonable application of clearly-established federal law.

IT IS THEREFORE ORDERED that the second amended petition for habeas corpus relief under 28 U.S.C. § 2254 (Dk. 9) is denied.

Dated this 23rd day of September, 2014, at Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge